**Frances E. WEEKS, Plaintiff–Appellant,**

v.

**NEW YORK STATE DIVISION OF PAROLE, Defendant–Appellee.**

No. 02–9510.

United States Court of Appeals, Second Circuit.

Oct. 23, 2003.

Gregory R. Preston, New York, NY, for Appellant.

Patrick J. Walsh, New York, NY, for Appellee.

PRESENT: OAKES, MESKILL, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Frances E. Weeks appeals from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*), granting summary judgment to the New York State Division of Parole with respect to Weeks' Title VII claims and dismissing without prejudice her pendent state law claims.

Weeks is an African–American woman who was an employee of the State of New York from 1967 until March 2000. She began her employment as a Parole Officer with defendant-appellee Division of Parole ("DOP") in or about April 1990. In 1997, she sued the DOP under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.* ("Title VII"), as well as state common law, alleging harassment and disparate treatment based on her race and gender (the "1997 Action"). While most of her claims were dismissed as untimely, Weeks proceeded to trial on her hostile work environment and state law claims. The jury returned a verdict for the Division of Parole, Weeks appealed and we affirmed. *Weeks v. New York State (Div. of Parole)*, 273 F.3d 76 (2d Cir.2001).

While the 1997 Action was pending, the DOP noticed discrepancies in Weeks' case records and began an investigation and case audit. Soon after, the DOP issued a Notice of Suspension and Notice of Discipline to Weeks, charging misconduct and incompetence in the falsification of nine DOP case records. Weeks disputed the charge, filed a grievance, and the case was sent to binding arbitration pursuant to a collective bargaining agreement between the parties. Arbitration proceedings were conducted over nine days, spanning a period of one year, and Weeks was afforded procedural protections such as representation by counsel and a full opportunity to examine and cross-examine witnesses under oath. The arbitrator found Weeks guilty of eight of the nine charges of misconduct and falsification of records and concluded that termination was appropriate discipline under the circumstances. In March 2000, the DOP terminated Weeks' employment.

In September 2000, Weeks filed another action under Title VII alleging disparate treatment, hostile work environment, and wrongful termination based on her race and gender as well as a number of state law claims arising from her termination. The DOP moved for summary judgment and, in response, Weeks contended that summary judgment was inappropriate because no discovery had been conducted. The District Judge concluded that while Weeks had proved a *prima facie* case of discrimination, the arbitrator's decision gave the DOP a legitimate, nondiscriminatory reason for the discharge. The court concluded that since Weeks had come forward with no evidence to show the DOP's proffered reason to be pretextual, she had raised no genuine issue of material fact and summary judgment was warranted. The court also concluded that the additional discovery sought by Weeks would not have assisted her in responding to the DOP's summary judgment motion.

On appeal, Weeks contends that (1) summary judgment was improper because she had not had a chance to conduct discovery, and (2) the District Court gave too much weight to the arbitrator's decision in concluding that the DOP had met its burden.

We review a district court's grant of summary judgment *de novo. Id.* In assessing Weeks' Title VII claim, the District Court properly applied the burden-

shifting test of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Bickerstaff v. Vasser College*, 196 F.3d 435, 446 (2d Cir.1999). The District Court correctly found that Weeks had met her initial *prima facie* burden by raising an inference of discrimination and therefore shifted the burden to the defendant. *Id.* Further, the District Court rightly found that the DOP had also met its burden of production by offering a legitimate, nondiscriminatory reason for firing Weeks, namely the Arbitrator's finding that Weeks had falsified DOP case files, thereby shifting the burden back to Weeks to prove that the nondiscriminatory reason was merely pretextual. *Id.*

Weeks offered no evidence to meet her burden at this stage, merely arguing that summary judgment was premature because of the lack of discovery. Federal Rule of Civil Procedure 56(f) provides a mechanism to delay judgment on a motion for summary judgment and obtain discovery by describing: (1) the information sought and how it will be obtained, (2) how it is reasonably expected to raise a genuine issue of material fact, (3) prior efforts to obtain the information, and (4) why those efforts failed. *Oneida Indian Nation v. City of Sherrill*, 337 F.3d 139, 167 (2d Cir.2003).

Weeks' affidavit, filed through counsel, did not comply with Rule 56(f). In it she only sought (1) names of employees who were not of a protected class, charged with misconduct but not fired, (2) DOP policies as to appropriate levels of discipline for various violations, and (3) names of DOP personnel who make decisions as to levels of discipline. The District Court found this request insufficient to meet the requirements of Rule 56(f) because Weeks had been subject to a formal arbitration proceeding and, therefore, individuals who had been charged with misconduct but not fired would not be similarly situated for the purposes of showing pretext.

We review a District Court's denial of a Rule 56(f) motion for abuse of discretion. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir.1994). Here, we cannot say that the District Court's conclusion constituted an abuse of discretion. Since Weeks presented no admissible evidentiary materials in opposition to the DOP's motion for summary judgment, summary judgment was appropriate.

■ Weeks' contention that the District Court should not have accorded "significant" weight to the arbitration decision in concluding that DOP had met its burden because the arbitrator had not considered her discrimination claims is without merit. The court below did not use the arbitration decision as evidence that discrimination had not occurred; rather, its function was to show that DOP had a valid reason for the termination, namely Weeks' repeated malfeasance. Thus, the fact that the arbitration did not adjudicate Weeks discrimination claim is irrelevant to the evidentiary value of the decision. Further, even if the decision had not been accorded "significant" weight, it still would have been sufficient to allow the DOP to meet its burden of articulating a nondiscriminatory rationale for the discharge, as the defendant's burden in making such a showing is not a high one. *Fisher v. Vassar College*, 114 F.3d 1332, 1335–36 (2d Cir.1997).

We have considered Weeks' other arguments on appeal and find them to be without merit. Accordingly, the judgment is affirmed.